Alan EABY, a minor by his father and next friend, Eugene A. Eaby and Eugene A. Eaby, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1404-67.

United States District Court District of Columbia.

April 22, 1969.

Vincent Nappo, Washington, D. C., for plaintiffs.

Henry J. Monahan, Asst. U. S. Atty. for District of Columbia, for defendant.

## OPINION

HOLTZOFF, District Judge.

This is an action against the United States under the Federal Tort Claims Act for personal injuries claimed to have been sustained as a result of the alleged negligence of the employees of St. Elizabeth's Hospital, a mental institution maintained by the United States in the District of Columbia. The Court has separated the issue of liability for a separate trial, leaving the issue of damages to be determined immediately following it, if the plaintiff prevails on the issue of liability.

The facts admitted in the pretrial order and additional facts stipulated at the trial are substantially as follows. Plaintiff Alan Eaby was a patient at St. Elizabeth's Hospital. He was admitted to the so-called Dix Division to which all new patients are first admitted unless they are committed under criminal process, which was not the case here. He was on the sixth floor of the building in a hearing room of the Commission on Mental Health, which conducted a hearing in his case. The hearing terminated with a recommendation that the plaintiff be committed to the hospital. An attendant was then assigned to lead the plaintiff back to the first floor and

then to Ward No. 1 of the Dix Pavilion, which was located on the first floor and to which the plaintiff was assigned as a patient. When the attendant and the plaintiff reached the first floor and the elevator door opened, the plaintiff instead of turning to the left to go back to the ward, turned to the right toward the outer door, ran out of the building, and then out of the grounds into the street. He was being followed by the attendant who gave chase and who was joined by other employees of the hospital.

The plaintiff ran into a grocery store located near the hospital and then started to run out in order to escape being apprehended. Unfortunately, he broke through a locked glass door and injured his hand, and now sues the United States for damages. Promptly upon returning to the street he was apprehended by the attendants, who had been pursuing him. It is claimed on behalf of the plaintiff that the hospital was negligent in permitting him to escape and thereby to be injured during the period that he was in an escape status.

 It is well established that a hospital is not an insurer of the safety of its patients. It is, however, under an obligation to use due care to provide for their safety. The general principle with regard to the liability of hospitals to their patients is discussed in Garfield Memorial Hospital v. Marshall, 92 U.S. App.D.C. 234, 239, 204 F.2d 721, 725, 37 A.L.R.2d 1270, where the Court of Appeals stated in an opinion written by Judge Wilbur K. Miller:

"In general it is the duty of a private hospital to give a patient such reasonable care and attention as the patient's known condition requires. This duty is measured by the degree of care, skill and diligence customarily exercised by hospitals generally in the community, and by the express or implied contract with the patient."

Under the Federal Tort Claims Act the liability of the United States is measured by the same standards, as would be the case with a private citizen or a private corporation.

It was stated in an able opinion by Judge Bratton of the Tenth Circuit in United States v. Gray, 199 F.2d 239, 242:

"It is the general rule that while a hospital conducted for gain is not an insurer of the safety of its patients against personal injuries, whether self inflicted or otherwise, it is required to exercise ordinary care for their welfare and safety against such injuries. No inflexible and unyielding yardstick can be laid down as constituting ordinary care or the lack of it in all cases. In each case, the question must be determined in the light of its own facts and circumstances."

A somewhat similar case was decided in the Eastern District of Virginia only a few years ago by Judge Walter E. Hoffman. That case, too, involved injuries sustained by a mental patient of a Veterans Hospital who had, without authority, left the hospital grounds and was killed by a moving train, White v. United States, D.C., 244 F.Supp. 127, aff'd 4 Cir., 359 F.2d 989. The Court stated at page 133:

"The hospital is not, of course, an insurer of a patient's safety and the ordinary rule is that the hospital owes the duty of exercising such reasonable care for their safety as their known mental and physical condition may require and in a proper case this duty may extend to affording reasonable protection against self-inflicted injury if the patient is unable to look after his own safety."

In this instance the Court is unable to perceive any negligence on the part of the attendant in not preventing an escape on the part of the patient. We must bear in mind that mental hospitals fortunately are no longer conducted and maintained in the spirit of a prison-like institution and no patient is treated as a prisoner except perhaps those committed by criminal process to maximum security wards. With the enlightened progress of psychiatry and its attempts

to treat and cure patients rather than to confine them to custodial care as used to be the case, the hospitals no longer use handcuffs—and this is certainly true in this hospital—they no longer use straitjackets or any other means of physical restraint except in an emergency and then only on the personal authority, in the specific case, of the superintendent of the hospital.

■■ The attendant was not furnished any handcuffs nor was he armed with a nightstick or anything else. He was not in the position, therefore, to use any physical force except by his hands. The fact that he may have been warned that the patient was desirous of escaping is not significant because such threats and warnings are often received by a member of the hospital staff and turn out to be usual. As soon as the patient darted and started to run, the attendant and other employees chased him and finally apprehended him. The mere fact that the plaintiff was injured between the time he started to run and the moment he was apprehended a short time later does not give rise to the inference that there was any negligence. The Court is unable to discern any lack of due care on the part of the attendant in preventing the escape, considering the conditions under which mental hospitals operate.

As Judge Hoffman said in White v. United States, *supra* at page 134, "Risks must be taken with mental patients, otherwise the case is left as hopeless." In other words, escape of patients from mental hospitals is perhaps more prevalent today than was true of the old fashioned lunatic asylum but that is a concomitant circumstance of enlightened progress.

The Court finds no negligence on the part of the Government and, therefore, will render judgment dismissing the complaint on the merits.

A transcript of this oral opinion will constitute the findings of fact and conclusions of law.